The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping, and the Briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties entered into a Pre-Trial Agreement, which is hereby incorporated by reference as if fully set-out herein and where they agreed to a number of jurisdictional and other factual stipulations, including as part thereof, stipulating a videotape depicting the job that plaintiff had matching items at the time of developing the disabling carpal tunnel syndrome giving rise hereto.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a right-handed, 43 year old female, who stopped school in the eleventh grade and later took some night courses, but never obtained her GED or so-called high school equivalency certificate. She is currently employed by defendant-employer in a non-production job as a spot cleaner responsible for spot cleaning the premises' garments and, except for two leave of absences in the interim, has worked there since 1979 in various capacities, including production jobs as a pressor and tick-tacker and the non-production job matching items that she was doing at the time of developing the disabling left hand problems giving rise hereto in June of 1995 requiring her to seek medical treatment from the so-called company physician, Dr. Richards.
Her other prior work experience has involved working for a tobacco processor removing the sticks and other debris from tobacco by hand, on an assembly line for an envelope manufacturer stuffing envelopes into slots, and as an inspector checking the panel designs, which she did for a period of nine months during one of her two leave of absences from defendant-employer.
2. Plaintiff has been doing the same job matching items since January of 1992, which involved pulling carts of garments to her work station, putting band tickets and side strips in their pockets and pushing the completed work to the premises tick-tacker. The tick-tacker was responsible for removing the same garments from the cart, sewing on band tickets and returning them to another cart, which was a production job involving handling three to four hundred garments a shift. Plaintiff herself worked as a tick-tacker for five or six years and while doing the job in 1991 initially began experiencing problems with her non-dominant left hand when she developed a ganglion cyst requiring her to seek medical treatment at the offices of the so-called company physicians in November of that year, where her resulting cyst was aspirated.
3. It was a result of the same hand problems that plaintiff asked to be taken off production work as a tick-tacker
4. In June of 1995, almost three and a half years later, plaintiff returned to the offices of defendant-employer's so-called company physicians after she experienced a recurrence of the ganglion cyst in her left hand and was seen there by Dr. Richards, who again aspirated the cyst, but subsequently referred her to an orthopedic surgeon, Dr. Vanden Bosch, because of her continuing hand problems.
5. A ganglion cyst is a cyst associated with the synovial membrane, usually involving a joint, tendon or tendon sheath. The ganglion cyst that plaintiff developed was located in the palmer surface of her left wrist on the radial, or thumb, side of the hand, very, very close to the carpal tunnel area and was not a work-related one due to the manner that she allegedly had to repetitively use the same hand in the course of her work at defendant-employer's garment manufacturing plant; but rather, was idiopathic in nature or a condition that some individuals develop without known cause.
6. As a direct and natural result of the edema or swelling from her ganglion cyst and its subsequent treatment plaintiff developed disabling carpal tunnel syndrome in the same hand ultimately requiring Dr. Vanden Bosch to perform carpal tunnel release surgery in August of 1995.
7. The involved claim is one for disabling carpal tunnel syndrome of plaintiff's non-dominant left hand due to the manner that she repetitively had to use the same hand in the course of her work at defendant-employer's garment manufacturing plant. The matching items job that plaintiff was doing at the time of developing the disabling carpal tunnel syndrome of the non-dominant left hand giving rise hereto and had been for almost three and a half years, was not the cause of same condition; but rather, it was a direct and natural result of the non work-related idiopathic ganglion cyst that she had developed in her left hand and the subsequent treatment she underwent for the same cyst.
8. Even assuming arguendo, that the ganglion cyst responsible for plaintiff developing the disabling left carpal tunnel syndrome giving rise hereto was due in significant part to plaintiff's employment at defendant-employer's garment manufacturing plant, there is no credible evidence that the same work placed her at an increased risk of developing the ganglion cyst responsible for her disabling carpal tunnel syndrome as compared to members of the general public and other employments at large.
9. Even assuming arguendo that the matching items job that plaintiff was doing at the time of the developing carpal tunnel syndrome in her left hand was a significant contributing factor in the same condition; that job did not expose plaintiff to an increased risk of developing that condition as compared to members of the general public and other employments at large because the matching items job did not involve repetitive work and it was while performing this job that plaintiff developed the disabling left hand problems giving rise hereto, rather than the production tick-tacker's job she contends is responsible for the problems and had not been doing for three and a half years.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
Plaintiff has not proven that the disabling carpal tunnel syndrome of the left hand for which compensation is claimed was due to the manner that she had to use the same hand in the course of her employment at defendant-employer's garment manufacturing plant and thus to causes and conditions characteristic of and peculiar to the same employment, but excluding all ordinary diseases of life to which the public is equally exposed outside of that employment.
The disabling carpal tunnel syndrome of the left hand giving rise hereto was a direct and natural result of the idiopathic ganglion cyst that plaintiff developed in the same hand and its subsequent treatment independent of her employment. N.C. Gen. Stat. § 97-53 (13)
* * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's occupational disease claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
 S/ _____________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ DIANNE C. SELLERS COMMISSIONER
S/ _____________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
PAH:dpd